**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ARMANDO LOPEZ-COBO,

     *Petitioner*,

v.              Case No. 3:26-cv-1349-WWB-MCR

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

     *Respondents.*
_____

## ORDER

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). He asserts that Immigration and Customs Enforcement ("**ICE**") is currently detaining him at the Baker County Detention Center. (*Id.*). Although the Petition is not a model of clarity, Petitioner appears to raise four grounds for relief— police arrested him without a warrant, violating his Fourth Amendment rights (Ground One); his prolonged detention has violated his Eighth Amendment rights (Ground Two); his detention has violated his First Amendment right to liberty and free speech (Ground Three); and his detention beyond the removal period has violated his Tenth Amendment rights (Ground Four). (*See generally id.*). As relief, he requests that the Court order his immediate release. (*Id.* at 8).

To the extent that Petitioner challenges his arrest under the Fourth Amendment, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-CV-299, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026). "If lawful grounds for detention

exist, [Petitioner] is not entitled to release even if there were flaws in his original arrest." *Id.* As a result, if Petitioner attacks the mechanics of his seizure rather than the Government's present statutory authority to hold him, his claims must fail. *See also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

To the extent that Petitioner challenges his detention, federal courts may grant the habeas writ where any petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Here, Petitioner has not alleged sufficient facts to establish a cognizable habeas claim. And his references to the Eighth, First, and Tenth Amendments are vague and conclusory in nature. Also, If Petitioner is attempting to challenge his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001) (setting a presumptively reasonable period of six months in which to detain an alien pending deportation), he does not provide enough information to assess whether he plausibly states a *Zadvydas* claim. To do so, he would need to "show post-removal order detention in excess of six months [and] . . . evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Here, Petitioner does not allege when his removal order became final, when ICE detained him, or whether there is no significant likelihood of removal in the reasonably foreseeable future.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on May 29, 2026.

_____

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Armando Lopez-Cobo, A209394001

3